No. 3--05--0868

The text of this opinion may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 03-CF-199 |
| v. | ) ) | |
| JENNIFER DEL PRETE, | ) ) | Honorable Carla Alessio-Goode, |
| Defendant-Appellant. | ) | Judge, Presiding. |

ORDER

After a bench trial, defendant, Jennifer Del Prete, was convicted of first degree murder (720 ILCS 5/9--1(a)(2) (West 2004)) and sentenced to the minimum term of 20 years' imprisonment (730 ILCS 5/5--8--1 (West 2004)). Defendant appeals her conviction and argues that the evidence was insufficient to prove her guilty beyond a reasonable doubt. We affirm.

FACTS

On December 27, 2002, three-month-old I.Z. (the victim) became non-responsive while in defendant's care at a daycare center. Defendant called 911 and performed C.P.R. on the victim. When the ambulance arrived, the victim was not breathing and had no pulse. Rescue personnel continued to administer CPR and were able to restore the victim's heart beat. Upon arrival at the

**EXHIBIT A**

hospital, the victim was unconscious. A medical examination revealed that there was no bruising or other signs of external injury to the victim's body. A cat scan, however, showed that there was acute and chronic bleeding in the victim's brain. Further scans showed that there were bilateral subdural hematomas in the victim's brain and retinal hemorrhages in the victim's eyes. Despite treatment, the victim never recovered and died almost a year later.

Defendant was charged with first degree murder. The indictment alleged that defendant shook the victim about the body, knowing that such acts created a strong probability of death or great bodily harm to the victim, and thereby caused the death of the victim.

At trial, both sides called an expert opinion witness to testify regarding the cause of the victim's injuries.[1] In addition to providing an opinion, each side's expert testified as to their qualifications, their experience with these types of injuries, the information they considered in forming an opinion, and the reasons why they reached the conclusions that they had reached. The State's expert opined that the injuries were the result of abusive head trauma (also known as Shaken Baby Syndrome), a form of child abuse where a child suffers brain injuries as a result of acceleration / deceleration forces, and that the victim's condition on December 27th was the immediate result of an injury that had been inflicted upon the victim just prior thereto. The State's expert opined further that the amount of force necessary to cause those type of injuries would be so severe that anyone shaking a child like that would know that the child would suffer severe injury. Defendant's expert opined that the victim's injuries were not the result of Shaken Baby Syndrome and that the injuries had actually occurred 18 to 24 hours before the event at the daycare center.

---

[1] One of the treating doctors who testified for the State also rendered an opinion regarding the cause of the victim's injuries.

After all of the evidence was presented, the trial judge found defendant guilty of first degree murder. The defendant was subsequently sentenced to 20 years' imprisonment, the minimum sentence. This appeal followed.

## ANALYSIS

Defendant argues that the evidence was insufficient to prove her guilty beyond a reasonable doubt of first degree murder. Specifically, defendant asserts that the State failed to prove that defendant acted with criminal intent / knowledge. That is, that defendant knew that her conduct created a strong probability of death or great bodily harm to the victim. In resolving this issue, we will consider only those matters that are properly before this Court and contained in the record on appeal.[2]

When faced with a challenge to the sufficiency of the evidence, the reviewing court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. People v. Collins, 106 Ill. 2d 237, 261, 478 N.E. 2d 267, 277 (1985). The reviewing court will not retry the defendant. People v. Jimerson, 127 Ill. 2d 12, 43; 535 N.E. 2d 889, 903 (1989). Determinations of the credibility of witnesses, the weight to be given to their testimony, and the reasonable inferences to

---

[2]In support of her argument, defendant cites to articles that are not part of the record on appeal. Those materials are not properly before this court and will not be considered. See In re O.R., 328 Ill. App. 3d 955, 960, 767 N.E. 2d 872, 877 (2002) (attachments to briefs not otherwise of record are not properly before a reviewing court and cannot be used to supplement the record). There are other methods available to defendant to assert newly discovered evidence as a basis for a new trial. See People v. Waters, 328 Ill. App. 3d 117, 126-129, 764 N.E. 2d 1194, 1202-1204 (2002) (petition for relief from judgment granted based on newly discovered evidence).

be drawn from the evidence are responsibilities of the trier of fact. Jimmerson, 127 Ill. 2d at 43, 535 N.E. 2d at 903. A reversal is warranted only if the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant's guilt. People v. Flowers, 306 Ill. App. 3d 259, 266, 714 N.E. 2d 577, 582 (1999).

The mental state of knowledge is ordinarily proven by circumstantial evidence as opposed to direct proof. People v. Price, 225 Ill. App. 3d 1032, 1035-1036, 589 N.E. 2d 192, 194 (1992). Intent may be inferred from the actions of the accused, as well as the surrounding circumstances. Price, 225 Ill. App. 3d at 1035, 589 N.E. 2d at 194. The determination of whether the defendant acted with the requisite intent is for the trier of fact. Price, 225 Ill. App. 3d at 1035, 589 N.E. 2d at 194. When the facts in a case give rise to more than one inference, a reviewing court shall not substitute its judgment for that of the trier of fact unless the inference accepted by the trier of fact is inherently impossible or unreasonable. Price, 225 Ill. App. 3d at 1035, 589 N.E. 2d at 194.

In the present case, taking the evidence in the light most favorable to the prosecution, we must conclude that defendant was proven guilty beyond a reasonable doubt. There was sufficient evidence submitted to the fact finder to resolve conflicts in the evidence and to draw inferences from the circumstantial facts. The trial court had before it the conflicting opinions of expert witnesses. The opinion of the State's expert supported a finding of guilty. The opinion of defendant's expert supported a finding of not guilty. It was for the trial court, as trier of fact, to resolve those conflicts. See People v. Seaman, 203 Ill. App. 3d 871, 883, 561 N.E. 2d 188, 196 (1990). The trial court, in its discretion, was free to accept the testimony of the State's expert and reject the testimony of defendant's expert. Seaman, 203 Ill. App. 3d at 883, 561 N.E. 2d at 196. The evidence of defendant's knowledge was not improbable or unsatisfactory and was sufficient to support a finding

of guilty. See Flowers, 306 Ill. App. 3d at 266, 714 N.E. 2d at 582; Price, 225 Ill. App. 3d at 1035, 589 N.E. 2d at 194.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Affirmed.

CARTER, J., with HOLDRIDGE and WRIGHT, J. J. concurring.