IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>JENNIFER DEL PRETE,<br><br>    Petitioner,<br><br>vs.<br><br>MELODY HULETT, Warden,<br>Lincoln Correctional Center,<br><br>    Respondent. | Case No. 10 C 5070 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2003, following a bench trial, a Will County, Illinois judge found Jennifer Del Prete guilty of first degree murder. The judge later sentenced Del Prete to a twenty year prison term.

Del Prete's conviction was affirmed on direct appeal, and her petition for post-conviction relief was denied. She has now petitioned this Court for a writ of habeas corpus. She argues that insufficient evidence existed to support her conviction and that she received ineffective assistance of counsel.

Del Prete concedes that she did not assert part of her ineffective assistance claim in state court and that she therefore procedurally defaulted the claim. For the reasons stated below, the Court orders an evidentiary hearing on Del Prete's claim that the Court should excuse her procedural default.

## Background

In affirming Del Prete's conviction on direct appeal, the Illinois Appellate Court summarized the evidence as follows:

> On December 27, 2002, three-month-old I.Z. (the victim) became non-responsive while in defendant's care at a daycare center. Defendant called 911 and performed C.P.R. on the victim. When the ambulance arrived, the victim was not breathing and had no pulse. Rescue personnel continued to administer CPR and were able to restore the victim's heart beat. Upon arrival at the hospital, the victim was unconscious. A medical examination revealed that there was no bruising or other signs of external injury to the victim's body. A cat [sic] scan, however, showed that there was acute and chronic bleeding in the victim's brain. Further scans showed that there were bilateral subdural hematomas in the victim's brain and retinal hemorrhages in the victim's eyes. Despite treatment, the victim never recovered and died almost a year later.
>
> Defendant was charged with first degree murder. The indictment alleged that defendant shook the victim about the body, knowing that such acts created a strong probability of death or great bodily harm to the victim, and thereby caused the death of the victim.
>
> At trial, both sides called an expert opinion witness to testify regarding the cause of the victim's injuries.[1] In addition to providing an opinion, each side's expert testified as to their qualifications, their experience with these types of injuries, the information they considered in forming an opinion, and the reasons why they reached the conclusions that they had reached. The State's expert opined that the injuries were the result of abusive head trauma (also known as Shaken Baby Syndrome), a form of child abuse where a child suffers brain injuries as a result of acceleration / deceleration forces, and that the victim's condition on December 27th was the immediate result of an injury that had been inflicted upon the victim just prior thereto. The State's expert opined further that the amount of force necessary to cause those type of injuries would be so severe that anyone shaking a child like that would know that the child would suffer severe injury. Defendant's expert opined that the victim's injuries were not the result of Shaken Baby Syndrome and that the injuries had actually occurred 18 to 24 hours before the event at the daycare center.
>
> [1]One of the treating doctors who testified for the State also rendered an opinion regarding the cause of the victim's injuries.

*People v. Del Prete*, No. 3-05-868, slip op. at 1-2 (Ill. App. Apr. 28, 2007).

The appellate court ruled that the evidence at trial was sufficient to prove Del Prete's guilt. The court stated:

> In the present case, taking the evidence in the light most favorable to the prosecution, we must conclude that defendant was proven guilty beyond a reasonable doubt. There was sufficient evidence submitted to the fact finder to resolve conflicts in the evidence and to draw inferences from the circumstantial facts. The trial court had before it the conflicting opinions of expert witnesses. The opinion of the State's expert supported a finding of guilty. The opinion of defendant's expert supported a finding of not guilty. It was for the trial court, as trier of fact, to resolve those conflicts. *See People v. Seaman*, 203 Ill. App. 3d 871, 883, 561 N.E.2d 188, 196 (1990). The trial court, in its discretion, was free to accept the testimony of the State's expert and reject the testimony of defendant's expert. *Seaman*, 203 Ill. App. 3d at 883, 561 N.E.2d at 196. The evidence of defendant's knowledge was not improbable or unsatisfactory and was sufficient to support a finding of guilty. *See Flowers*, 306 Ill. App. 3d at 266, 714 N.E.2d at 582; *Price*, 225 Ill. App. 3d at 1035, 589 N.E.2d at 194.

*Id.* at 4-5.

In her post-conviction petition, Del Prete alleged that her trial counsel was ineffective and again asserted that the evidence was insufficient to convict her. Specifically, she alleged that trial counsel had failed to investigate, interview, and call available experts to challenge the prosecution's expert testimony even though there was medical research available at the time that would have undermined that testimony. Del Prete also alleged that her trial counsel because he failed to inform her that he had previously been suspended from the practice of law because of unethical behavior as a Will County prosecutor.

The trial court dismissed Del Prete's petition as frivolous and patently without merit, and the Illinois Appellate Court affirmed that decision on appeal. Del Prete relied on a Wisconsin case with a similar fact pattern and similar expert testimony, *State v. Edmunds*, 308 Wis. 2d 374, 746 N.W.2d 590 (2008), in which the Wisconsin Supreme

Court had reversed a murder conviction on the basis of newly discovered evidence and medical research asserting that infants who were found to have died as a result of shaken baby syndrome may have died from vaccine damage. The appellate court concluded that because Del Prete's expert had already "testified about the possible causes of the victim's injuries, other than shaken baby syndrome, that were similar to the theories of the new experts in *Edmunds*," that case did not support Del Prete's ineffective assistance claim. *People v. Del Prete*, No. 3-08-0431, slip op. at 10 (Ill. App. July 20, 2009). The court rejected Del Prete's argument regarding vaccine damage because she had not provided any evidence to show that vaccines were a possible cause of I.Z.'s injury. *Id.* at 10-11. It also rejected her argument regarding her trial counsel's failure to inform her of the prior disciplinary action against him because she did not allege that it prejudiced her. *Id.* at 11-12. Finally, the court concluded that Del Prete's renewed claim of insufficient evidence was barred by the doctrine of claim preclusion because the court had already dealt with that argument on direct appeal. *Id.* at 12.

On August 12, 2010, Del Prete filed the present petition for a writ of habeas corpus.

## Discussion

A prisoner convicted in state court is entitled to a writ of habeas corpus if she is being held in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant a writ of habeas corpus only if the petitioner demonstrates that

the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1) & (2); *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010).

In her habeas corpus petition, Del Prete argues that the evidence presented at trial was insufficient to sustain her conviction. She also Prete contends that her trial counsel was ineffective, in two ways: for "failing to present the testimony of noted scientific experts that have challenged the faulty bases" for shaken baby syndrome (SBS), and for "failing to challenge the admission of expert testimony on the theory of SBS" under *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). Pet. at 50, 57.

Del Prete concedes that she did not raise the second part of her ineffective assistance claim in state court and that, as a result, she procedurally defaulted that claim. She asks the Court to consider this claim despite her default, however, on the ground that she has evidence demonstrating that she is actually innocent of the underlying charge. Specifically, she argues that she is entitled to federal habeas review based on this new argument because new scientific evidence presents "a compelling claim of actual innocence," which can serve as a "gateway" to federal consideration of a procedurally defaulted claim. *House v. Bell*, 547 U.S. 518, 522, 536 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 319-22 (1995)).

Respondent argues that a *Frye* hearing would not demonstrate Del Prete's innocence, but this misstates the nature of the inquiry regarding excuse of a procedural

default. The Supreme Court has concluded that evidence of a habeas petitioner's actual innocence can serve to excuse a procedural default, thereby allowing the petitioner to bring in federal court a procedurally defaulted independent constitutional claim challenging her conviction. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). A claim "based on newly discovered evidence" has, however, "never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Id*. at 400. Thus, Del Prete's purported evidence of innocence can, at most, serve as a "gateway" to the Court's consideration of her procedurally defaulted *Frye* claim. *House*, 547 U.S. at 536. A court that finds evidence of innocence sufficient to permit it to consider a defaulted claim proceeds to consider that claim on its own merits, apart from any evidence of innocence.

Del Prete has requested an evidentiary hearing to develop the basis for her "actual innocence" argument. This request presents an issue that is not governed by AEDPA, no provision of which "addresses the type of petition at issue here – a first federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence." *Id*. at 539. Respondent does not argue that the Court is barred from holding such a hearing, and other courts have indicated that district courts have the discretionary authority to order hearings on actual innocence claims. *See, e.g.*, *Sibley v. Culver*, 377 F.3d 1196, 1196-97 (11th Cir. 2004) (collecting cases).

To succeed on her claim of actual innocence, Del Prete "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. "To demonstrate innocence so convincingly

-6-

that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence." *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (citation omitted).

Del Prete argues that medical research that she has submitted constitutes compelling evidence of her actual innocence. She claims that "[s]cientific evidence has established that subdural hematoma and retinal hemorrhages would necessarily be accompanied by other physical injuries if they were the result of shaking," and that because I.Z. did not exhibit any such injuries, her new scientific evidence "completely excludes the State's theory as a possible cause" of I.Z.'s death. Pet. at 60-61.

After reviewing Del Prete's additional evidence, the Court concludes that she has presented a facially plausible claim of actual innocence. The Court therefore orders an evidentiary hearing to permit further development of this claim as an excuse for her procedural default of her ineffective assistance claim. After the hearing, the Court will determine whether Del Prete has made the showing required by *Schlup* and, if she has, will proceed to analyze her *Frye* claim.

Because the Court in its *Strickland* inquiry must "evaluate [Del Prete's trial counsel's] performance as a whole rather than focus on a single failing or oversight," *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010), it defers consideration of the remainder of her ineffective assistance claim until after it has conducted the hearing.

The Court also defers until after the hearing consideration of Del Prete's claim that there was insufficient evidence to support her conviction. The Court believes that it will be more efficient to deal with the merits of all of Del Prete's claims at the same time.

**Conclusion**

For the reasons stated above, the Court orders an evidentiary hearing in order to permit further development of the Del Prete's claim of actual innocence as an excuse for her procedural default of the second part of her ineffective assistance claim. The case is set for a status hearing on March 13, 2012 at 9:30 a.m. for the purpose of setting a hearing date.

                                              s/ Matthew F. Kennelly
                                              MATTHEW F. KENNELLY
                                              United States District Judge

Date: March 6, 2012